UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL BROWN,

        Plaintiff,

        v.                                Case No. 26-CV-606

KYLE J. ELDERIN,
SUSAN ROTH, and
MILWAUKEE COUNTY,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Michael Brown, who is currently housed at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and motion to waive Court costs and fees and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND MOTION TO WAIVE COURT COSTS AND FEES

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $28.17. On May 8, 2026, Plaintiff filed a motion to waive Court costs and fees, asserting that he does not have the funds to pay the initial partial filing fee for this case. The Court

finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court cannot, however, waive Court costs and fees in this case. The Prison Litigation Reform Act requires all prisoners who proceed under the federal *in forma pauperis* statute to pay "the full amount of the filing fee" by installment whenever funds are available. 28 U.S.C. § 1915(b)(1). In other words, the entire $350.00 filing fee for this action is statutorily required and must be collected from Plaintiff's institutional trust account. Accordingly, Plaintiff's request to waive Court costs and fees is denied.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

2

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff brought this action against Milwaukee County Court Commissioner Susan Roth, Milwaukee County Assistant District Attorney Kyle J. Elderin, and Milwaukee County, asserting that the defendants violated his constitutional rights. In the statement of claim section of his complaint, rather than pleading factual allegations, Plaintiff refers to a request for de novo review filed in *State v. Brown*, Case No. 2025CF3763 (Milwaukee Cty., Wis.). *See* Dkt. No. 1-1. Plaintiff asserts that the exhibit "shows all of the information needed to comply with the statement of claim requirements." Compl. at 2, Dkt. No. 1.

Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure because it does not include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court may consider documents attached to the complaint, the Court is not required to sift through a party's exhibits to determine their relevance and discern what claims a plaintiff is attempting to assert. *See Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711 (7th Cir. 2015) ("Judges are not like pigs, hunting for truffles buried in the record." (cleaned up, citation omitted)). The complaint itself must plead a short and plain statement of the claim. Plaintiff's complaint does not allow any of the named defendants or the Court to understand what the defendants are alleged to have done or not done that violated Plaintiff's constitutional rights. Plaintiff must tell the Court and the defendants the who, what, when, and where of his claim, and what injury or damage the defendants' actions caused him. For these reasons, the Court dismisses the complaint submitted on April 9, 2026.

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **June 11, 2026**, that cures the deficiencies identified in this order. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is

4

received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive Court costs and fees (Dkt. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **June 11, 2026**, Plaintiff shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

5

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on May 12, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6