MICHAEL BROWN,

       Plaintiff,

        v.                                  Case No. 26-CV-606

KYLE J. ELDERKIN,
SUSAN ROTH, and
MILWAUKEE COUNTY DISTRICT ATTORNEY OFFICE,

       Defendants.

## SCREENING ORDER

Plaintiff Michael Brown, who is currently housed at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On May 12, 2026, the Court screened and dismissed the original complaint for violating Rule 8 of the Federal Rules of Civil Procedure but gave Plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended complaint on May 28, 2026. This matter comes before the Court to screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

2

Plaintiff alleges that he was arrested on August 10, 2025, by the Milwaukee Police Department. On August 12, 2025, a criminal complaint was filed against Plaintiff, and on August 13, 2025, Plaintiff appeared for an initial appearance and bond was set for $50,000. The State Public Defender's Office determined that Plaintiff was indigent and eligible to receive court-appointed counsel. Plaintiff's first preliminary hearing was set for August 19, 2025, but the hearing was canceled because counsel was not appointed for Plaintiff by that date. The court commissioner set a hearing for October 3, 2025, but converted the hearing to a status conference. Counsel was appointed for Plaintiff on October 14, 2025. On November 18, 2025, Plaintiff had a probable cause hearing, 101 days after being taken into custody. (Am. Compl. at 2–3, ECF No. 9.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that the Milwaukee County District Attorney Office, Assistant District Attorney Kyle Elderkin, Court Commissioner Susan Roth, and the Wisconsin State Public Defenders Office violated his constitutional rights by failing to appoint counsel for Plaintiff in a timely manner, holding Plaintiff in custody for 101 days without having a probable cause hearing, setting excessive bail when Plaintiff was found to be indigent, and extending case deadlines without good cause. (Am. Compl. at 3–4.)

Plaintiff's claims against Court Commissioner Roth and ADA Elderkin must be dismissed because both defendants enjoy absolute immunity from civil liability. "[J]udges are absolutely

3

immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation." *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978)). Judicial immunity also extends to court commissioners, who under Wisconsin law perform duties functionally comparable to those of a judicial officer. *Id.*; *see also Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) (noting that, like judges, court commissioners in Wisconsin have absolute immunity for claims arising out of their judicial functions). In addition, a prosecutor has absolute immunity when initiating a prosecution and presenting the State's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's allegations against Court Commissioner Roth and ADA Elderkin fall squarely within the scope of their duties; therefore, they are immune from suit.

Finally, 42 U.S.C. § 1983 "only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The Milwaukee County District Attorney Office and the Wisconsin State Public Defenders Office are not "persons" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Therefore, Plaintiff cannot proceed on claims against the Milwaukee County District Attorney Office and the Wisconsin State Public Defenders Office.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim and as frivolous**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on June 5, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.